IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENDA KAY ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIV-12-432-L |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | |
|   Acting Commissioner of Social ) | |
|   Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be affirmed.

I. Background

Plaintiff protectively filed her application for benefits on January 26, 2010. (TR 140-

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Acting Commissioner Colvin is substituted for former Commissioner Michael J. Astrue as the Defendant in this action. No further action need be taken to continue this action. 42 U.S.C. § 405(g).

141, 170). In her application, Plaintiff alleged that she became disabled on June 22, 2007, due to back, neck, and shoulder injuries with numbness and pain, and reflex sympathetic dystrophy syndrome. (TR 174). Plaintiff stated that she stopped working June 22, 2007, and that she had completed one year of college and home health vocational training. (TR 28, 175). Plaintiff described previous jobs as a Subway restaurant assistant manager and habilitation training specialist. (TR 176, 192-195).

The medical evidence submitted by Plaintiff reflects that she sustained an on-the-job neck injury in 1997 and underwent surgical cervical fusion for this injury. (TR 571). In May 2006, Plaintiff sustained an on-the-job injury to her back and neck and underwent anterior surgical lumbar fusion in June 2007 and, because the first operation was unsuccessful, posterior surgical lumbar fusion in July 2008. (TR 399, 402, 417). In July 2009, Plaintiff underwent a second surgical cervical fusion. (TR 390). Following these operations, Plaintiff underwent physical therapy, and by February 2010 Plaintiff was not taking any medications and was "mov[ing] freely," according to her treating surgeon, Dr. Tibbs. (TR 311). Dr. Tibbs recommended a ten-pound work restriction. (TR 312). At her hearing, Plaintiff testified that she was also restricted "not to push or pull [or] stoop or kneel or squat [or] bend from the waist [and] no upper arm movement above shoulder height . . . ." (TR 34).

Plaintiff's application was administratively denied. (TR 56-59). At Plaintiff's request, a hearing *de novo* was conducted on September 21, 2011, by Administrative Law Judge Shepherd ("ALJ"). (TR 22-55). At this hearing, Plaintiff and a vocational expert ("VE") testified. The ALJ issued a decision on November 23, 2011, in which the ALJ found that

Plaintiff was not disabled within the meaning of the Social Security Act. (TR 10-21). The Appeals Council declined to review this decision. (TR 1-3).

II. Standard of Review

Plaintiff now seeks judicial review of the final decision of the Defendant Commissioner embodied in the ALJ's determination. Judicial review of a decision by the Commissioner is limited to a determination of whether the Commissioner's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010); Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009)(citations, internal quotation marks, and brackets omitted).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i). The Commissioner follows a five-step sequential evaluation procedure to determine whether a claimant is disabled. Doyal, 331 F.3d at 760. In the first four steps of this process, the claimant has the burden of establishing a prima facie case of disability. Id. In this case, Plaintiff's claim was denied at step five. At the fifth and final step of the requisite sequential evaluation process,

the burden shifts to the Commissioner "to show that the claimant retains sufficient [residual functional capacity] . . . to perform work in the national economy, given her age, education and work experience." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007)(internal quotation and citation omitted).

III. ALJ's Decision

In the ALJ's decision, the ALJ found at step one of the required sequential analysis that Plaintiff had not engaged in substantial gainful activity since June 22, 2007, her alleged disability onset date. (TR 12). At step two, the ALJ found that Plaintiff had severe impairments due to "status post" two cervical fusions and one lumbar fusion, "status post" carpal tunnel syndrome release, obesity, and "RSD/RLS," or reflex sympathetic dystrophy syndrome/restless leg syndrome. (TR 12).

At step three, the ALJ found that these impairments, considered singly or in combination, were not disabling *per se* under the agency's Listing of Impairments. (TR 13). At step four, the ALJ expressed his comprehensive consideration the objective medical evidence in the record and found that despite Plaintiff's severe impairments she had the residual functional capacity ("RFC") to perform a limited range of sedentary work. (TR 13-18). In connection with this determination, the ALJ also considered the credibility of Plaintiff's complaints of disabling pain and nonexertional limitations and found that Plaintiff's complaints were not entirely credible for numerous reasons stated in the decision. (TR 18-19). The ALJ further found that Plaintiff's RFC for work precluded her performance of her past relevant work. (TR 19-20)

Relying on the VE's testimony concerning the requirements of Plaintiff's previous jobs, the transferable skills she obtained in those jobs, and the availability of jobs for an individual with Plaintiff's RFC for work, and considering Plaintiff's age, education, and transferable skills, the ALJ found at step five that Plaintiff was not disabled within the meaning of the Social Security Act. (TR 20). Specifically, the ALJ found that Plaintiff was capable of performing jobs available in the national economy, including the jobs of receptionist, records clerk, and check cashier. (TR 20).

IV. Step Five - Transferable Skills

In this appeal of the Commissioner's decision, Plaintiff does not challenge the ALJ's findings with respect to the first four steps of the sequential analysis. With respect to the ALJ's step five decision, Plaintiff contends that the ALJ's decision is faulty because the ALJ did not include adequate findings concerning Plaintiff's past relevant work and transferable skills obtained from that work.

The ALJ recognized that at the time of the decision Plaintiff was classified as an individual "closely approaching advanced age." (TR 20). The regulations provide that "[i]ndividuals approaching advanced age (age 50-54) may be significantly limited in vocational adaptability if they are restricted to sedentary work. When such individuals . . . can no longer perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains." 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.00(g).

However, "[t]he presence of acquired skills that are readily transferable to a significant range of skilled work within an individual's [RFC] would ordinarily warrant a

finding of ability to engage in substantial gainful activity regardless of the adversity of age . . . ." 20 C.F.R. pt. 404, subpt. P, § 201.00(e).  An ALJ can find that claimant has acquired skills that are transferable to other jobs "when the skilled or semi-skilled work activities [the claimant] did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work.  This depends largely on the similarity of occupationally significant work activities among different jobs." 20 C.F.R. § 404.1568(d)(1).

"When an ALJ makes a finding that a claimant has transferable skills, [the ALJ] must identify the specific skills actually acquired by the claimant and the specific occupations to which those skills are transferable." Dikeman v. Halter, 245 F.3d 1182, 1185 (10th Cir. 2001)(citing Social Security Ruling 82-41, 1982 WL 31389, at * 7).  In Dikeman, the appellate court found that the record contained "little, if any" evidence of the plaintiff's transferable skills and the plaintiff described her past jobs as not requiring the use of machines, tools or equipment of any kind, not requiring the use of technical knowledge or skills, and not involving the completion of reports or any writing. Id.  The VE did not describe what skills the plaintiff had obtained in her previous work but merely testified that the plaintiff had previously worked as a grocery checker and could perform semi-skilled cashier positions. Id. at 1186.  Due, in part, to the large variety of cashiering jobs described in the Dictionary of Occupational Titles ("DOT") and the absence of sufficient information in the record from which to determine the plaintiff's transferable skills, the Tenth Circuit found that the ALJ's determination that the plaintiff had transferable skills was not supported by substantial evidence. Id. at 1187-1188. The court further advised that "[o]n remand, the

ALJ must not only make specific findings as to the particular skills plaintiff may have acquired and the specific jobs to which those skills are transferable, but he must base those findings on substantial evidence in the record." Id.

Plaintiff contends that, like the circumstances in Dikeman, the record contains insufficient evidence of her skills and the ALJ's decision contains no description or discussion of Plaintiff's past jobs or any skills she obtained from her past jobs. Plaintiff admits, however, that the ALJ obtained vocational testimony at the hearing concerning Plaintiff's past relevant work and her transferable skills. Plaintiff's Opening Brief, at 9.

Contrary to Plaintiff's argument, the record and the VE's testimony provides sufficient evidence of the Plaintiff's past relevant work and transferable skills. At the hearing, Plaintiff testified that she had graduated high school and attended college and that she had also obtained a certificate of training in home health care. (TR 28). Although Plaintiff did not testify concerning her previous jobs, the record contains Plaintiff's detailed descriptions of her previous jobs as a habilitation specialist and assistant restaurant manager. (TR 192-195). Plaintiff described her past jobs as a habilitation specialist as involving the use of machines, tools, or equipment, the use of technical knowledge or skills, and writing and/or completing reports. (TR 193, 194). She stated that in these positions she provided supervisory care and acted as a health care coordinator and job coach and further that she "[m]anaged lives of clients [and] staff." (TR 193, 194). Plaintiff also described her past job as an assistant manager of a Subway restaurant as involving opening and closing the restaurant, running schedules, making bank deposits, ordering supplies, and supervising

employees. (TR 195). She stated that in this job she also used machines, tools, or equipment, used technical knowledge or skills, and wrote and/or completed reports. (TR 195). This evidence was clearly sufficient to provide the VE with the necessary information from which to ascertain Plaintiff's transferable skills, and the VE testified that the record was sufficient to allow her to form an opinion with respect to Plaintiff's past relevant work. (TR 49-50).

The VE testified that Plaintiff's previous positions were skilled jobs with a specific vocational preparation ("SVP") level[2] of 6. (TR 50). The VE further testified that Plaintiff had obtained "predominant skills" from these jobs of working with people, customer service, scheduling, ordering, taking inventory, and basic record keeping. (TR 53). In response to hypothetical queries posed by the ALJ that encompassed Plaintiff's RFC for work and the identified transferable skills, the VE identified the sedentary, semi-skilled jobs of receptionist, record clerk, and cashier. (TR 53).

In his decision, the ALJ found that Plaintiff had acquired work skills transferable from her past relevant work and set forth the VE's testimony that Plaintiff had "acquired the following transferrable [sic] skills: working with people, customer service, scheduling, ordering, taking inventory, and basic record keeping." (TR 20). The ALJ recited in his decision the VE's testimony concerning the availability of jobs for an individual with

---

[2]The DOT, which the Commissioner relies on for vocational information, classifies each job by a specific vocational preparation, or SVP, level. SVP is defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." U.S. Dep't of Labor, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, App. B, B-1 (1993).

Plaintiff's age, education, work experience, RFC, and her "skills acquired in the claimant's past relevant work but no additional skills." (TR 20). Consistent with the VE's testimony, the ALJ identified in the decision the job title of each position, the SVP level for each job, the DOT number for each position, and the job availability for the position both in Oklahoma and in the nation. (TR 20). Relying on the VE's testimony, which formed the basis for the ALJ's decisionmaking, the ALJ found that Plaintiff "has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy." (TR 20).

Although, as Plaintiff asserts, the ALJ did not describe Plaintiff's previous jobs in the decision, the VE provided specific descriptions of the transferable skills that Plaintiff obtained in her previous positions as a rehabilitation special and assistant restaurant manager. Plaintiff does not question the accuracy of any of the vocational testimony.

Because the ALJ found that Plaintiff's RFC precluded her from performing her past relevant work, the ALJ was not required to analyze the specific physical or mental demands of Plaintiff's previous jobs, as is required to support a step four determination. See Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996)(describing three phases of step four determination). Moreover, unlike the circumstances in Dikeman, the record and the VE's testimony provided sufficient evidence concerning Plaintiff's previous jobs and transferable skills, and the ALJ set forth in the decision the necessary findings as to the particular skills Plaintiff acquired in her previous jobs and the specific jobs to which those skills are transferable. This is not an "empty record," as Plaintiff suggests. Rather, the record and the

9

vocational testimony provide the necessary information to fully and substantially support the Commissioner's step five decision. Consequently, the Commissioner's decision should be affirmed.

## RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner to deny Plaintiff's application for benefits. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before <u>April 15th</u>, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991); cf. <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this <u>25th</u> day of <u>March</u>, 2013.

<i>/s/ Gary M. Purcell</i><br>
GARY M. PURCELL<br>
UNITED STATES MAGISTRATE JUDGE